UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 21-21191-CIV-GAYLES

MAURICIO USME, M.D., *et al.*,

       **Plaintiffs,**

v.

CMI LEISURE MANAGEMENT, INC.,
*et al.*,

       **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss for Improper Venue or in the Alternative Failure to State a Claim [ECF No. 17]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is GRANTED in part.

**I.   BACKGROUND**

During the relevant time period, Plaintiffs Dr. Mauricio Usme ("Usme"), Lukasz Zuterek ("Zuterek"), Carolina Vasquez ("Vasquez"), Javier Perez ("Perez"), Johan Ortiz ("Ortiz"), Luz Gavilan ("Gavilan"), and Marvin Paz ("Paz") (collectively the "Plaintiffs") worked as seaman in various capacities aboard the vessel the *Greg Mortimer* (the "Vessel"). [ECF No. 16 ¶¶ 2-8]. The Vessel, a small cruise ship specializing in "Expedition Cruising," is owned by Infinity Owner, Ltd. ("Infinity"), [ECF Nos. 16 ¶ 23, 17-1, 17-2].

A.  **The Employment Agreements**

Plaintiffs allege that "they were each employed by" Defendants CMI Leisure Management, Inc. ("CMI-L") and/or Cruise Management International, Inc. ("CMI, Inc.").[1] [ECF No. 16 ¶ 15]. Prior to serving on the Vessel, Plaintiffs Vasquez, Luz, Paz, Ortiz, and Perez (the "Hotel Plaintiffs") each executed an employment agreement (the "Hotel Employment Agreements"). [ECF No. 17-1]. In the Hotel Employment Agreements, non-party CMI Leisure Ltd. is listed as the "Employer" and Infinity is listed as the owner of the Vessel.[2] *Id.* A human resources representative for Defendant CMI-L signed the Hotel Employment Agreements "On behalf of the Owners (As Agents Only)." *Id.* Plaintiffs Usme and Zuterek (the "Management Plaintiffs") also executed employment agreements prior to serving on the Vessel (the "Management Employment Agreements"). [ECF No. 17-2]. In the Management Employment Agreements, Infinity is listed as the "Employer." *Id.* A human resources representative for Defendant CMI, Inc. signed the Management Employee Agreements "On behalf of the Employer (As Agents Only)." *Id.*

The Hotel Employment Agreements and the Management Employment Agreements (collectively, the "Employment Agreements") contain identical forum selection clauses which provide in pertinent part:

> [A]ny dispute of any nature arising out of this Contract of Employment or my employment onboard the vessel shall be governed by the Laws of the Vessel's Flag State, except as expressly provided herein and any disputes hereunder shall be adjudicated in that jurisdiction only. . . .
>
> The parties to this contract hereby stipulate that the terms and conditions laid down herein shall be subject to the applicable provisions of the Maritime Law and Regulations of the country under which Flag the Vessel is sailing. Any dispute as to the

---

[1] Plaintiffs allege, "[i]n the alternative," that they were CMI-L and CMI, Inc.'s "borrowed servants." A seaman only has claims under the Jones Act against an employer. *Wai v. Rainbow Holding*, 350 F. Supp. 2d 1019, 1024 (S.D. Fla. 2004). Under the borrowed servant doctrine, "the risk of a worker's injury" is placed "on his actual rather than his nominal employer. It permits the injured worker to recover from the company that was actually directing his work." *Id.* at 1025 (citation omitted)."
[2] For Vasquez's Employment Agreement, Greg Mortimer Owner, Ltd. is listed as the Owner of the Vessel.

terms and conditions of this contract shall be resolved in accordance with the Maritime Law and the country under which Flag the Vessel is sailing.

(the "Forum Selection Clause") [ECF No. 17-1, 17-2]. During the relevant time period, the Vessel was flagged in The Bahamas. [ECF No. 17-3 ¶6].

### B. Plaintiffs' Exposure to Covid on the Vessel

On March 15, 2020, when the Vessel was docked in Argentina, representatives from CMI-L, CMI, Inc., and Vikand Solutions LLC ("Vikand") (collectively the "Defendants")[3] met to discuss whether the Vessel should start on its next cruise in light of the COVID-19 Pandemic. Usme, as the Vessel's physician, advised against starting another cruise. Defendants disagreed and the Vessel began its next trip. One day later, a passenger onboard the Vessel tested positive for COVID-19. Ultimately, all of the Plaintiffs except for Zuterek contracted COVID-19 while onboard the Vessel. In addition, Defendants required Plaintiffs to stay on the Vessel, confined in their crew cabins, until May 12, 2020. After Zuterek voiced his objections to the Defendants' repatriation plan for the Vessel, he was terminated.

### C. This Action

On June 4, 2021, Plaintiffs filed the Amended Complaint against Defendants alleging claims for: (1) failure by CMI-L and CMI, Inc. to provide Plaintiffs with a safe place to work and prompt, adequate, and appropriate medical care under the Jones Act, 46 U.S.C. § 30104 (Counts I and II); (2) negligence against CMI, Inc. and Vikand (Counts III and IV); (3) retaliatory discharge against CMI, Inc. for Zuterek's termination (Count V); (4) false imprisonment for confining Zuterek to his cabin (Count VI); and (5) Maintenance and Cure (Counts VIII and IX).[4] [ECF No. 16]. Defendants now move to dismiss, arguing the Forum Selection Clause mandates dismissal and that Plaintiffs fail to adequately allege their claims. Because the Court finds that this action

---

[3] Vikand provided medical management and consulting services onboard the Vessel.
[4] There is no Count VII in the Amended Complaint.

must be dismissed under the doctrine of *forum non conveniens*, it does not address any purported pleading deficiencies.

## II. DISCUSSION

Defendants have moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for improper venue. A motion to dismiss for improper venue is the incorrect procedural vehicle to enforce a forum-selection clause where, as here, venue is otherwise proper. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). However, in the interest of judicial economy, the Court will treat Defendants' motion as a motion to dismiss based on *forum non conveniens*.[5]

"Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper." *Vanderham v. Brookfield Asset Mgmt., Inc.*, 102 F. Supp. 3d 1315, 1318 (S.D. Fla. 2015) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947), *superseded by statute on other grounds as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443 (1994)). "When considering a motion to dismiss for *forum non conveniens*, as with a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), courts must accept the facts in a plaintiff's complaint as true, 'to the extent they are uncontroverted by the defendants' affidavits.'" *HNA LH OD, LLC v. Local House Int'l, Inc.*, 21-cv-21022, 2021 WL 4459404, at *4 (S.D. Fla. Sept. 29, 2021) (quoting *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000)). However, unlike a motion to dismiss for failure to state a claim, courts may "consider matters outside the pleadings" in ruling on a motion to dismiss based

---

[5] Plaintiffs argue that the doctrine of *forum non conveniens* does not apply to Jones Act claims, citing *Szumlicz v. Norwegian America Line, Inc.*, 698 F.2d 1192, 1195 (11th Cir. 1983). Plaintiffs rely on outdated case law. The Eleventh Circuit has since held that a district court did not abuse its discretion in dismissing a Jones Act case based on the doctrine of *forum non conveniens*. *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932 (11th Cir. 2005). *See also Reyes v. Cruise Ship Catering*, No. 04-20144, 2006 WL 2389441, at *5 (S.D. Fla. May 26, 2006).

4

on *forum non conveniens*. *Id*. *See also Grp. CG Builders & Contractors v. Cahaba Disaster Recovery, LLC*, 534 F. App'x 826, 829-30 (11th Cir. 2013) (holding that district court did not err in considering affidavit in ruling on a motion to dismiss for *forum non conveniens*).

"To obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" *GDG Acquisitions, LLC v. Government of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)). In a typical case, a court proceeds directly through those factors. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . ." *Atl. Marine*, 571 U.S. at 63. When there is a valid forum-selection clause, the Court no longer considers the private interest factors. *See id*. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 64. Because the public interest factors will "rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

The Court's preliminary step, therefore, is to determine whether there is a valid forum-selection clause. *Cf. id.* at 62 n.5. If the forum-selection clause is valid, the Court must then apply the modified *forum non conveniens* analysis from *Atlantic Marine*. The Court must also consider whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all the parties" and must "ensure[] that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *Wilson v. Island Seas Investment, Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (citing *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289–90 (11th Cir. 2009)).

      A.      **The Forum Selection Clause**

The Forum Selection Clause in the Employment Agreements mandates that "any dispute of any nature" arising out of Plaintiffs' employment onboard the Vessel "shall be adjudicated in [The Bahamas] only." [ECF Nos. 17-1, 17-2]. Plaintiffs argue that the Court cannot consider the Employment Agreements at this stage of the litigation because they are not referenced in or attached to the Amended Complaint. In addition, Plaintiffs argue that even if the Court can consider the Employment Agreements, Defendants are not parties to the Agreements and, therefore, cannot enforce them. The Court disagrees.

      1.  **The Court May Consider the Employment Agreements**

In arguing that the Court cannot consider the Employment Agreements on a motion to dismiss, Plaintiffs rely heavily on the Eleventh Circuit's unpublished opinion in *Roberts v. Carnival Corp.*, 824 F. App'x 825, 826 (11th Cir. 2020). In *Roberts*, the Eleventh Circuit held that on a motion to dismiss for failure to state a claim, courts cannot consider a document that was not attached to the complaint unless it is "referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Id.* (quoting *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)). Plaintiffs argue that because they (1) did not reference the Employment Agreements in the Amended Complaint and (2) could bring their Jones Act claims as "borrowed servants" without a formal employment agreement, the Court is precluded from considering the Employment Agreements. However, the Court is proceeding on a motion to dismiss based on *forum non conveniens*.

In reviewing whether *venue* is proper, as opposed to whether Plaintiffs have adequately pled their claims, the Court is permitted to review evidence outside of the pleadings. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004) (holding that on a motion to dismiss for improper venue, "[t]he court must accept all allegations of the complaint as true, unless

6

contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper."). Here, Defendants submitted the declarations of Dietman Wertanzl, the President and Chief Executive Officer of CMI-L, [ECF No. 17-3], and Jim Barreiro de Leon, the President and Chief Executive Officer of CMI, Inc., [ECF No. 17-4], and the Employment Agreements, [ECF Nos. 17-1, 17-2], to challenge Plaintiffs' chosen venue. The Court may consider these documents in deciding whether to dismiss this action based on *forum non conveniens. See Wei*, 315 F. Supp. 2d at 1268.

### 2. Non-Signatories

Plaintiffs also argue that Defendants are not parties to the Employment Agreements and therefore cannot enforce the Forum Selection Clause. The Court disagrees.

CMI, Inc. and CMI-L actually signed the Employment Agreements as agents for the Owners. However, even if they had not, the doctrine of equitable estoppel precludes Plaintiffs from arguing that Defendants cannot enforce the Forum Selection Clause. "Equitable estoppel precludes a party from claiming the benefits of some of the provisions of a contract while simultaneously attempting to avoid the burdens that some other provisions of the contract impose." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012). Here, Plaintiffs specifically allege that they were employed by Defendants CMI, Inc. and CMI-L and bring Jones Act claims based on that employment. While CMI, Inc. and CMI-L were not the named employers under the Employment Agreements, Plaintiffs cannot allege in their Amended Complaint the benefits of those Employment Agreements—namely Jones Act protections—while simultaneously arguing that Defendants

cannot enforce the Forum Selection Clauses in those agreements.[6] Accordingly, the Court finds that Defendants may enforce the Forum Selection Clause.[7]

### B. Validity and Enforceability of the Forum-Selection Clause

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) and *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). The Eleventh Circuit enforces only unambiguous and mandatory forum-selection clauses—that is, "only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract." *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel,* 579 F.3d at 1281.

First, the Court finds that forum selection clause in the Employment Agreements is mandatory. While "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another," *City of New Orleans*, 376 F.3d at 504, the clause before the Court does not merely consent to jurisdiction. Rather, it mandates that "[a]ny dispute as to the

---

[6] In response to the Motion to Dismiss, Plaintiffs argue that CMI Bahamas and Infinity are "paper companies" with "no actual control over the Plaintiffs' work" and, therefore, were not added to the lawsuit. [ECF No. 20].
[7] Plaintiffs make no argument in response to the Motion regarding Vikand and the Forum Selection Clause. The Court notes, however, that in the Amended Complaint, Plaintiffs allege that Vikand participated with the other Defendants to determine whether to undertake the March 15, 2020, voyage and assisted the other Defendants in providing Plaintiffs with a safe place to work. Accordingly, the Court finds that Plaintiffs' claims against Vikand are so "closely related to the dispute that it [is] foreseeable" that those claims must also be litigated in the Bahamas. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1299 (11th Cir. 1998).

terms and conditions of this contract *shall* be resolved in accordance with the Maritime Law and the country under which Flag the Vessel is sailing." [ECF Nos. 17-1, 17-2] (emphasis added). Furthermore, the clause clearly governs this Jones Act dispute, which arises directly from Plaintiffs' employment on the Vessel. And Plaintiff does not argue that the clause was the result of fraud or overreaching. The Court therefore determines that the Agreement's forum-selection clause is valid and enforceable.

      **C.**     ***Forum Non Conveniens* Analysis**

The existence of a valid, enforceable, mandatory, and applicable forum-selection clause—like the clause contained in the Agreement—is not alone dispositive in the *forum non conveniens* analysis. However, as the Supreme Court explained in *Atlantic Marine*, a viable forum-selection clause carries near-determinative weight: "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582. Post–*Atlantic Marine*, the Eleventh Circuit has ruled that "[a] binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." *GDG Acquisitions*, 749 F.3d at 1029. What remains under this modified analysis, then, is (1) whether an adequate alternative forum is available, and (2) whether the public interest factors weigh in favor of dismissal. *Id.* at 1028.

"An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Courts need ask "only whether some remedy exists." *Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 F. App'x 770, 771 (9th Cir. 2010) (per curiam). An alternative forum is "available" to a plaintiff "when the foreign court can assert

9

jurisdiction over the litigation sought to be transferred." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Courts consistently hold that the Bahamas is an adequate forum. *See Pappas v. Kerzner Intern. Bahamas Ltd.*, 585 F. App'x 962, 967 (11th Cir. 2014); *Essex Global Capital, LLC v. Purchasing Solutions Int'l, Inc.*, No. 17-61657, 2017 WL 4868801 at *4 (S.D. Fla. Oct. 17, 2017).

While public interest factors "rarely defeat" a *forum non conveniens* motion, *Atl. Marine*, 134 S. Ct. at 582, the Court will nevertheless consider the following public interest factors: "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gilbert*, 330 U.S. at 509). Because the controversy centers on alleged injures that occurred outside of Florida and the Plaintiffs agreed that any disputes arising out of their employment would be governed by Bahamian law, the balance of these factors weigh in favor of dismissal here.

### III.   CONCLUSION

Based on the foregoing, and for reasons of fairness and judicial economy, this Court will enforce the parties' forum-selection clause by dismissing the action without prejudice on grounds of *forum non conveniens*.[8] Therefore, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss for Improper Venue or in the Alternative Failure to State a Claim [ECF No. 17] is **GRANTED in part**. Plaintiffs may refile this action in a court of competent jurisdiction in the Bahamas. It is further

---

[8] Defendants, of course, must be amenable to process and consent to personal jurisdiction in the Bahamas. *See In re Banco Santander Securities-Optimal Lit.*, 732 F. Supp. 2d 1305, 1330 (S.D. Fla. 2010).

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE